**STERCHI BROTHERS STORE, INC.,**
**Appellant,**

**v.**

**Roscoe McDANIEL et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1972.

William M. Cox, Jr., Johnson, Teague & Cox, Williamsburg, for appellant.

Joe T. Roberts, Luker, Luker & Roberts, London, Thomas R. Emerson, Department of Labor, James F. Perkins, Department of Labor, Frankfort, for appellees.

REED, Justice.

The Workmen's Compensation Board awarded Roscoe McDaniel benefits for total and permanent disability to be paid by his employer, Sterchi Brothers Store, Incorporated. Although the employer asserted that the Special Fund should bear part of the ultimate responsibility for payment of the award, or, alternatively, that part of the employee's disability should be declared noncompensable, the board rejected both of those contentions. When the employer appealed to the circuit court the board's decision was upheld. The employer thereupon sought a decision by this court that the board and the circuit court were in error. We affirm the judgment of the circuit court.

McDaniel, a shipping clerk for Sterchi, injured his back in a work-connected accident in January 1969. The medical evidence consisted of the testimony of the treating physician, Dr. George Gumbert, and a board-appointed physician, Dr. W. McDaniel Ewing, who examined the injured claimant and filed a written report with the board (KRS 342.121). Dr. Gumbert stated that McDaniel suffered from a

probable ruptured disc in the lowest disc space in his back and had developed coronary heart disease, which was totally unrelated to the back condition. He also said that the unrelated heart condition did prevent McDaniel from exercising his back. Dr. Gumbert testified that he found no evidence of any dormant, pre-existing, disease condition that was aroused by the January 1969 work-connected accident. He expressed a conclusion that McDaniel was "100%" disabled without surgery— "50%" of the disability the result of the disc injury and "50%" the result of McDaniels' inability to further rehabilitate himself through exercise, which would be necessary following surgery that might or might not be successful.

Dr. McDaniel Ewing's report to the board appeared internally contradictory and was the subject of specific exceptions by McDaniel and by the Fund. Dr. Ewing reported that McDaniel had a functional disability of 20% immediately prior to the *January 1969* injury as a result of *heart disease*; that, nevertheless, the patient had no dormant, nondisabling, disease condition prior to January 1969 capable of arousal; that after the accident McDaniel's functional disability was 30% to the body as a whole; that at the time of the examination (October 1970) McDaniel was 100% disabled (with no indication expressed whether this disability was permanent or not); that McDaniel had heart disease which he had suffered since *November 1969*.

The board found that McDaniel was totally and permanently disabled and made its award against his employer. Upon the employer's appeal, the issue to be determined is whether the board's findings were clearly erroneous. In substance, the employer's case is that either the award should be apportioned between it and the Fund, or, the degree of disability resulting from the heart disease should be declared noncompensable. More specifically, the employer argues that if the heart disease was a pre-existing, dormant, nondisabling condition that was aroused into disabling reality by the injury, the Fund is liable; if, however, the heart disease came into existence after the injury in an unrelated and non-work-connected fashion, then the disability that flowed from it was simply noncompensable.

■ The board had the duty to assess the medical evidence and to determine the extent of compensable occupational disability. The board cannot be faulted for discarding the contradictory aspects of Dr. Ewing's report. Dr. Gumbert's evidence established that the work-connected injury, independently and of itself, caused a permanent functional bodily impairment of at least 50%. The board had the right to translate that permanent functional impairment into total and permanent occupational disability. Young v. Chapman, Ky., 463 S.W.2d 921 (1971). Substantial medical evidence supported the finding that no pre-existing, dormant, nondisabling disease condition existed, therefore the Fund was properly absolved from liability, Id. 924. There was nothing to apportion under the board's findings, which are supported by substantial evidence. The circuit court was correct in its refusal to disturb the board's decision.

The judgment is affirmed.

All concur.